FILED

98 JUL 22 AM 9: 48

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUL 2 2 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

THOMAS SHIELDS, ET AL., ETC.,   }
                                }
     Plaintiffs,                }
                                }   CIVIL ACTION NO.
vs.                             }
                                }   CV-98-AR-1062-M
CONGRESS LIFE INSURANCE         }
COMPANY, ET AL.,                }
                                }
     Defendants.                }

**MEMORANDUM OPINION**

The court has for its consideration a motion to remand and for an award of attorneys' fees filed by plaintiffs in the above-entitled action. The court heard oral argument on said motion at its July 17, 1998, motion docket. For the reasons set out more fully below, the court now concludes that plaintiffs' said motion to remand is due to be granted; however, they are not entitled to attorneys' fees because the removal, although erroneous, was not frivolous or entirely devoid of merit.

Plaintiffs filed this action in the Circuit Court for Marshall County, Alabama, on March 27, 1998, against defendants, Alabama Health Benefits, Inc. ("AHB"), Congress Life Insurance Company ("CLIC"), Massachusetts General Life Insurance Company ("MGLIC"), Underwriting Services of Alabama ("USA"), Corporate Benefit Services of America ("CBSA"), Ken Lewis ("Lewis"), and Debbie Godfrey ("Godfrey"). Relying on Alabama law, plaintiffs

allege breach of contract, fraudulent suppression, and fraudulent misrepresentation. On April 30, 1998, CBSA and CLIC removed the action to this court, with all other defendants joining in the removal. CBSA and CLIC removed this action despite the fact that AHB, USA, Lewis, and Godfrey are non-diverse parties. In their notice of removal, CBSA and CLIC contend that plaintiffs fraudulently joined AHB, USA, Lewis, and Godfrey for the purpose of defeating this court's diversity jurisdiction.

It is well settled that the removing parties bear the burden of proving that the joinder of a non-diverse defendant was fraudulent. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *Sellers v. Foremost Ins. Co.*, 924 F. Supp. 1116, 1117-18 (M.D. Ala. 1996). One commentator has correctly described this burden as "substantial." 16 *Moore's Fed. Prac.*, § 107.14[2][c][iv][B] (3d ed.). In fact, to establish fraudulent joinder, defendants in this case must demonstrate either: (1) that there is no possibility that plaintiffs can maintain a cause of action in the state court against the non-diverse defendants; or, (2) that there has been outright fraud in plaintiffs' pleading of the jurisdictional facts. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *Coker*, 709 F.2d at 1440. Although the tone of their opposition brief is at times rather strident, on balance, CBSA and CLIC do not seem ready to

2

charge plaintiffs with sanctionable fraud.

Moreover, in disposing of fraudulent joinder claims, the district courts are to determine whether removal is proper "according to the plaintiff's pleading at the time of the petition for removal," including any affidavits and/or deposition transcripts that may have been submitted. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996); *Cabalceta*, 883 F.2d at 1561. In so doing, the court employs a hybrid Rule 12(b)(6) and Rule 56 procedure and resolves all factual issues and questions of controlling substantive law in favor of plaintiffs. *Sellers*, 924 F. Supp. at 1118; 16 *Moore's Fed. Prac.*, § 107.14[2][c][iv][C] (3d ed.). This requirement is consistent with the long-standing policy of strictly construing the right of removal against the removing parties. 16 *Moore's Fed. Prac.*, § 107.14[2][c][iv][C] (3d ed.). In short, the Eleventh Circuit has explained the controlling principle as follows:

> If there is **even a possibility** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.

*Coker*, 709 F.2d at 1440-41 (emphasis supplied).

From the record in the instant case, it appears to this court that there is, at the very least, a possibility that a

3

court would find that the complaint states a cause of action for misrepresentation against one or more of the non-diverse defendants. It takes only one.

The removing defendants alternatively, if casually, invoke ERISA preemption as a federal question basis for removal. To put it mildly, the court is unpersuaded by defendants' ERISA argument.

In reaching its conclusion, this court is not unmindful of defendants' dire warning that an order of remand in this instance threatens to make the concept of fraudulent joinder "meaningless." Indeed, while this court's recognition of the primacy of state courts under the concept of federalism is well known, the court is fully cognizant of its duty to exercise its jurisdiction if a basis for doing so exists. However, in the instant action, a basis for federal jurisdiction is not "absolutely clear," and, as such, remand is required. *Wright v. State Farm Fire & Cas. Co.*, 1997 WL 114902 at *1 (M.D.Ala.) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). CLIC and CBSA can take some comfort in the fact that this may not be their last bite at the federal apple. If plaintiffs voluntarily dismiss their claims against all the non-diverse defendants, then CLIC and CBSA will be free to remove this action to this court. In that event, the parties can rest

assured that the undersigned will welcome them back with open arms.

A separate and appropriate order in keeping with this memorandum opinion will be entered.

DONE this 22nd day of July, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE